### Buffalo Tank Division, Bethlehem Steel Corp. v. Acme Process Equipment Co., Inc.

*William P. Manning, Jr.,* for plaintiffs.
*Stephen G. Yusem,* for defendant.

HONEYMAN, J., January 19, 1972.—Plaintiff entered into a sales contract with defendant calling for the manufacture of certain distilling equipment by plaintiff and delivery of same to defendant's customer, Fulton Distillery in Atlanta, Ga. The purchase orders indicate "Wanted, Dec. 1969." The total price therefor, which defendant agreed to pay, was $57,379.63. Plaintiff completed performance by shipments to Fulton Distillery on January 22, 1970, and February 6, 1970. Defendant refused to pay and plaintiff brought this action to recover the purchase price. In its answer, defendant asserts several defenses to plaintiff's claim which are not material to the issue presently before the court, except for defendant's assertion that delivery of the equipment in December 1969 was an absolute requirement and condition of the contract, and that plaintiff's delivery in January and February 1970 constituted a breach of contract, giving rise to defendant's counterclaim which is now under direct attack by reason of plaintiff's preliminary objections thereto in the nature of a demurrer.

The counterclaim is for a sum "in excess of $80,000." The basis therefor is that Fulton Distillery became insolvent in or before December 1969, and that plaintiff's shipment to Fulton thereafter prevented defendant from discovering such insolvency in December 1969. Defendant contends that had it known thereof at the time, it would have ceased further work on the Fulton job immediately instead of continuing on with the work until after January 1970, thus causing the losses for which it now claims reimbursement

by plaintiff. Plaintiff has objected preliminarily to this counterclaim and demands that it be dismissed because the damages claimed are so speculative and improbable as not to be recoverable as a matter of law.

The crucial question is, in light of §2.715, 12A PS §2.715, of the Uniform Commercial Code, whether defendant's counterclaim is that sort of "consequential damage(s)" which is contemplated by the code as recoverable by buyer from seller after seller's alleged breach. For reasons made evident below, the court en banc is of the opinion plaintiff's demurrer to defendant's counterclaim should be sustained because the relief sought is too speculative and remote in relation to the contract between plaintiff and defendant.

To be properly recoverable, damages in a contract action must be foreseeable and flow from the alleged breach. A review of the pleadings reveals that defendant has admitted that those exhibits attached to plaintiff's complaint do, in fact, represent the agreement between the parties for the purchase of the equipment in question. These writings neither expressly nor impliedly provide for any arrangement whereby the seller assumed any risk or responsibility for loss due to the insolvency of the buyer's customer. Therefore, the court concludes that not only was such an arrangement not remotely within the contemplation of the parties, but also, it has no basis in ordinary commercial practice so that such an indemnification could be implied. This being so, the *code* cannot be of any relief to defendant in his counterclaim. It would be a gross exaggeration of the rule of damages to say that those counterclaimed by defendant were reasonably foreseeable or within the contemplation of the parties when they entered into the contract.

## ORDER

And now, January 19, 1972, after argument before the court en banc, a review of counsels' briefs and the record, it is ordered that plaintiff's preliminary objections to defendant's counterclaim be sustained, and defendant's counterclaim is dismissed.